UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RUTH BEATTY,

                                        NO. CIV. S-06-1845 LKK/GGH

            Plaintiff,

      v.

MERCK & COMPANY, INC.,                  **O R D E R**
et al,

            Defendants.
_____/

      Plaintiff Ruth Beatty commenced this action against Merck &

Co., Inc. ("Merck") on July 19, 2006 in California Superior Court

for alleged injuries caused by the prescription drug Vioxx.  Merck

removed this action to federal court on diversity jurisdiction on

August 17, 2006.  Plaintiff now moves to remand, asserting that

removal was improper and that this court lacks jurisdiction. Merck

moves to stay the action pending its transfer to the Judicial Panel

on Multidistrict Litigation ("MDL") proceeding that has been

established to deal with the large volume of Vioxx-related cases

in federal court.

////

1

1                          **I. Background**

2        This case is one of hundreds of cases regarding Vioxx.  On

3   February 16, 2005, the MDL panel consolidated and transferred

4   148 federal cases involving Vioxx to the Eastern District of

5   Louisiana.  In re Vioxx Prods. Liab. Litig., 360 F. Supp. 2d

6   1352 (J.P.M.L. 2005).  The MDL panel also held that the "nearly

7   300 potentially related actions in multiple federal districts .

8   . . will be treated as potential tag-along cases." Id. at 1352

9   n.1.

10       Merck asserts, and plaintiff does not dispute, that it will

11  shortly provide notice to the MDL panel of this action.  Merck

12  expects a conditional transfer order to be issued by the panel

13  within the next few weeks.  See Def.'s Mot. to Stay at 4.

14                         **II. Analysis**

15       The power to stay proceedings in the interest of judicial

16  economy is an inherent power left to the discretion of the

17  court.  Landis v. North Am. Co., 299 U.S. 248, 254 (1936).  In

18  cases involving similar jurisdictional questions, deference to

19  the MDL proceeding is often appropriate when "the motion raises

20  issues likely to arise in other actions pending in [the

21  consolidated action]."  Conroy v. Fresh Del Monte Produce Inc.,

22  325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004).

23       Here, Merck asserts that removal is proper because

24  defendant McKesson, whose presence defeats diversity

25  jurisdiction, was fraudulently joined.  See Def.'s Notice of

26  Removal at 7.  The question of whether McKesson was fraudulently

                                  2

1  joined is not unique to the pending case.  See, e.g., Lame Bull

2  v. Merck & Co., et. al, No. 05-2465, slip op. (E.D. Cal. January

3  24, 2006) (Karlton, J.) (staying case to allow remand to be

4  decided by MDL judge); Purcell v. Merck & Co., et. al, No. 05-

5  0443, slip op. (S.D. Cal. June 6, 2005) (same); Johnson v.

6  Merck & Co., No. C-05-02881, slip op. at *2 (N.D. Cal. Oct. 3,

7  2005) (same).

8       Given the number of cases that present this exact

9  jurisdictional question and the growing number of Vioxx cases

10 being transferred to the MDL proceeding in the Eastern District

11 of Louisiana, this court, like several other district courts,

12 finds that the interest of judicial economy favors staying this

13 action pending its transfer to the MDL proceeding.[1]  For these

14 reasons, the court hereby ORDERS that:

15      1.    Defendant Merck's motion to stay is GRANTED;

16      2.    Plaintiff's motion to remand is DENIED;

17      3.    Oral argument on the motions currently set for October

18            23, 2006 at 10:00 a.m. is VACATED;

19      4.    Upon entry of this order, further proceedings in this

20            action shall be STAYED, pending transfer of the action

21
_____

22      [1] The court is aware that it is departing from its August 15,
2005 order on the same issue.  See Martin v. Merck & Co., No. S-05-
750, slip op. (E.D. Cal. Aug. 15, 2005) (Karlton, J.).  Subsequent
23 developments regarding the MDL Vioxx proceedings justify the
court's change in position.  Namely, since the August order was
24 issued, over 55 cases from California that involve the identical
jurisdictional issues are now before the MDL judge in the Eastern
25 District of Louisiana.  See Def.'s Opp'n to Pl.'s Mot. for Remand
at 3:16-22.
26

1          to MDL Proceeding No. 1657 in the Eastern District of

2          Louisiana.

3     IT IS SO ORDERED.

4     DATED:  October 12, 2006.

5

6

7     _____
      LAWRENCE K. KARLTON
8     SENIOR JUDGE
      UNITED STATES DISTRICT COURT

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

                              4